IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **MICHEAL KLINE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| | ) | |
| | ) | **REQUEST FOR JURY TRIAL** |
| v. | ) | |
| | ) | |
| **AMERICAN TIRE DISTRIBUTORS, INC,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Michael Kline, individually, and on behalf of a putative class of others similarly situated, by and through his attorneys, and for his Complaint for Damages against Defendant American Tire Distributors, Inc. alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Kline is male citizen of the United States, residing in Kansas City, Jackson County, Missouri.

2. Defendant is a corporation organized under the laws of Delaware whose principal office is in Huntersville, Mecklenburg, North Carolina.

3. At all relevant times, Defendant was authorized to conduct business in the State of Missouri, and was doing business in the State of Missouri.

4. More specifically, at all relevant times, Defendant has operated a Distribution Center located at 9651 NE Parvin Rd, Kansas City, Missouri, 64161 ("Kansas City Distribution Center").

1

5. At all relevant times, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

6. This Court has original federal question jurisdiction under 28 U.S.C. §1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*, as well as 29 U.S.C. §216(b).

7. The United States District Court for the Western District of Missouri has personal jurisdiction over the claims asserted in this lawsuit because Defendant conducts business within the state of Missouri, and the claims alleged in this lawsuit arise out of Defendant's operation of its Kansas City Distribution Center.

8. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because these state claims are so related to the FLSA claims that they form part of the same case or controversy.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendant has facilities, conduct business and can be found in the Western District of Missouri, and the causes of action set forth herein have arisen and occurred at its Kansas City Distribution Center located within the Western District of Missouri.

10. At all relevant times, Defendant has been an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

11. At all relevant times, Defendant has employed employees including Plaintiff.

12. At all relevant times, Plaintiff was engaged in commerce and/or worked for Defendant.

13. Plaintiff brings Count I, the FLSA claim, arising out of Defendant's unlawful policies and practices, as an "opt in" collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and those similarly situated to him as the following collective action class: All persons currently and formerly employed by Defendant in hourly driving positions at its Kansas City Distribution Center location during the last three (3) years.

14. Plaintiff brings Count II, the Missouri Minimum Wage Law claim, arising out of Defendant's unlawful policies and practices, as a putative class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and a putative class defined as: All persons currently and formerly employed by Defendant who held hourly driving positions at its Kansas City Distribution Center location during the last three (3) years.

15. Plaintiff brings Count III, the unjust enrichment claim, arising out of Defendant's unlawful policies and practices, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a putative class defined as: All persons currently and formerly employed by Defendant at its Kansas City Distribution Center location who held hourly driving positions during the last three (3) years.

16. Count I brought by Plaintiff on behalf of himself and others similarly situated, seeks relief on an individual and collective basis challenging, among other FLSA violations, Defendant's practice of unlawfully deducting meal periods from the time records of Plaintiff and other similarly situated Drivers on days when no such breaks were taken, which resulted in Plaintiff and those similarly situated to him being deprived of overtime compensation. The number and identity of other Plaintiffs yet to opt-in and consent to be Party-Plaintiffs may be determined from the records of Defendant, and potential Party-Plaintiffs may easily and quickly be notified of the pendency of this action.

3

Case 4:24-cv-00675-BP    Document 1    Filed 10/16/24    Page 3 of 14

17. Counts II-III brought by Plaintiff on behalf of himself and the putative classes as defined above each satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

18. The Rule 23 classes satisfy the numerosity standards on the good faith belief that each class will number over 50 people. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail, electronic mail and/or posting of approved notice.

19. There are questions of fact and law common to the classes, between classes and within each class, which predominate over any questions affecting individual members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

> a. Whether Defendant violated the law when it failed to properly pay Plaintiff and class members for all hours worked;
>
> b. Whether Defendant had policies and practices of failing to compensate Plaintiff and class members for all time worked;
>
> c. Whether Defendant retained a benefit from such unlawful policies and compensation practices, and
>
> d. Whether Defendant retained benefits and was unjustly enriched by virtue of their policies and practices with respect to Plaintiff's and class members' pay.

20. The aforementioned common questions predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

21. The claims of Plaintiff are typical of those of each class in that class members have been employed in the same or similar positions and paid pursuant to the same compensation structure as Plaintiff acting as putative class representative and were subject to the same or similar unlawful practices as Plaintiff acting as putative class representative.

22. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

23. Plaintiff, acting as putative class representative, is an adequate representative of the classes because his interests do not conflict with the interests of the members of the classes he seeks to represent. The interests of the members of the classes will be fairly and adequately protected by Plaintiff acting as putative class representative and his undersigned counsel, who has experience in complex wage and hour, employment, and class action lawsuits.

24. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

**ADDITIONAL FACTUAL ALLEGATIONS**

25. Plaintiff Kline held the non-exempt, hourly position of Driver for Defendant at its Kansas City Distribution Center location.

26. Plaintiff was employed by Defendant from approximately September 2013 until approximately May 2024.

27. As a Driver, Plaintiff typically worked five days a week, Monday through Friday, beginning at 6:30 a.m. In this position, Plaintiff regularly worked more than 40 hours per week.

28. As a Driver, Plaintiff was allocated an optional 30-minute unpaid meal break each working day.

29. When Plaintiff and other Drivers took these meal breaks, they were expected to clock-in and clock-out for the breaks *via* the Workday application on their mobile phones.

30. When Plaintiff did have the opportunity to take an uninterrupted meal break, he would use the Workday application on his phone to clock-out at the beginning and clock-in at the end of each break. However, due to his assigned workload, Plaintiff would typically continue to perform compensable work rather than taking a 30-minute meal break.

31. Plaintiff also regularly observed that other Drivers similarly continued to work rather than taking their optional 30-minute meal break.

32. In approximately September of 2021, Courtney Artozqui became the Distribution Center Manager at Defendant's Kansas City, Missouri location.

33. After she became the Distribution Center Manager at the Kansas City location, Artozqui would regularly direct John Bright (Defendant's Driver Operations Manager) to deduct 30 minutes for meal breaks that Plaintiff and other Drivers did not actually take.

34. The deduction of 30-minute meal periods from Plaintiff and other similarly situated Drivers' time records on days when they did not take an uninterrupted meal break

6

Case 4:24-cv-00675-BP    Document 1    Filed 10/16/24    Page 6 of 14

resulted in them not being properly compensated for all time they worked, and not receiving overtime pay for all hours they worked in excess of 40 hours each workweek.

35. For example, during the workweek beginning August 13, 2022, Plaintiff's time records reflect he worked a total of 44.9 hours. However, during that same workweek, Plaintiff had four 30-minute meal periods deducted from his time records which resulted in him not receiving a total of two hours of overtime pay for time he actually worked that workweek.

36. Upon information and belief, Artozqui's compensation as a Distribution Center Manager included a bonus or incentive payment that was based, at least in part, on reducing overtime labor costs at Defendant's Kansas City, Missouri location.

37. In June 2023, Plaintiff Kline made an anonymous hotline complaint to Defendant to report the unlawful deduction of hours he actually worked.

38. In approximately May of 2024, Artozqui called a meeting of employees during which she informed them that "management" was no longer allowed to adjust employees' time records without written authorization to do so from the affected employee(s).

39. Defendant has failed to properly compensate Plaintiff and other similarly situated Drivers at their straight or overtime rates of pay for all work they performed.

40. The FLSA and the Missouri Minimum Wage Law both require covered employers, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week.

## COUNT I – FLSA CLAIM

41. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above number paragraphs.

42. At all times material herein, Plaintiff, and other Drivers similarly situated to him, have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

43. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

44. Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because they are an enterprise engaged in interstate commerce and their employees are engaged in commerce.

45. Defendant operated a distribution center located in Kansas City, Missouri, and likely serves customers in all 50 states.

46. Defendant has an annual gross volume of business in excess of $500,000.

47. Defendant engaged in interstate commerce.

48. At all relevant times to this action, Defendant was the "employer" of Plaintiff and other similarly situated Drivers within the meaning of the FLSA. 29 U.S.C. § 203(d).

49. At all times relevant to this action, Plaintiff and others similarly situated were Defendant's "employees" within the meaning of the FLSA. 29 U.S.C. §203(e).

50. Plaintiff and other Drivers similarly situated to him are covered, non-exempt employees within the meaning of the FLSA. Accordingly, Plaintiff and others similarly situated are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek. 29 U.S.C. §207(a).

51. Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) applies here.

52. Defendant violated the FLSA by failing to pay Plaintiff and others similarly situated at the rate of one and one-half times the regular rate of pay for all time they worked in excess of forty (40) hours in a workweek.

53. Specifically, as discussed above, Defendant utilized an unlawful practice of deducting 30-minute meal periods from employees' time records for periods of time when they had not been completely relieved of duty and had actually been performing compensable work.

54. Plaintiff and other Drivers similarly situated to him were all victims of a single practice or plan which violated the FLSA—*i.e.* Defendant's practice of applying meal break deductions to their compensable hours even when meal breaks were not taken or were interrupted by work duties.

55. Plaintiff's signed, written consent to proceed as a party-plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit 1.

56. Plaintiff and others similarly situated are entitled to damages for unpaid overtime premium pay within the three (3) years preceding the filing of this Complaint, because Defendant acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

57. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and others similarly situated are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith

9

Case 4:24-cv-00675-BP    Document 1    Filed 10/16/24    Page 9 of 14

or with reasonable grounds in failing to pay overtime compensation, Plaintiff and others similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

58. Defendant knew or should have known that Plaintiff and other Drivers similarly-situated to him were not being properly compensated at the overtime premium rate of pay for all hours worked in excess of 40 each workweek because, *inter alia,* members of Defendant's management added meal break deductions to these employees' time records without confirming whether they actually took said breaks, these employees' time records reflected they were regularly working 40 or more hours each workweek, and Defendant utilized software or systems with "geofencing" capabilities which allowed it to use location or GPS data to track the location and duration of each stop made by Drivers during their work shifts.

59. Plaintiff, on behalf of himself and others similarly who comprise the putative collective action class, seeks damages in the amount of all unpaid overtime pay for work performed in excess of forty (40) hours in a workweek, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

60. Plaintiff on behalf of himself and others similarly situated who compose the putative collective action class, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, on behalf of himself and all proposed collective class members, pray for relief as follows: (a) Designation of this action as a collective action on behalf of the proposed putative class members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative class members (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To

Join pursuant to U.S.C. §216(b); (b) Designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the putative class members; (c) An award of damages for unpaid overtime wages due for Plaintiff and the putative class; (d) An award of liquidated damages, to be paid by Defendant; (e) An award of pre-judgment and post-judgment interest, as provided by law; (f) An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and (g) Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT II - FAILURE TO PAY OVERTIME UNDER MISSOURI MINIMUM WAGE LAW

61. Plaintiff and others similarly situated to him re-allege and incorporate herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

62. At all times relevant herein, Plaintiff and the class members he seeks to represent were entitled to the rights, protections, and benefits provided under Mo. Rev. Stat. § 290.500 *et seq*.

63. Defendant is an employer as defined by Mo. Rev. Stat. § 290.500(4), and Plaintiff and other class members are employees as defined by Mo. Rev. Stat. § 290.500(3).

64. The Missouri Minimum Wage Law regulates, among other things, the payment of minimum wages and overtime wages by employers, subject to limited exceptions not applicable herein, and provide or have provided for during or part of the applicable limitations period for a higher minimum wage than that provided for under federal law. Mo. Rev. Stat. §§ 290.500(3) & (4); Mo. Rev. Stat. § 290.505.1.

65. Except where otherwise stated within the statute, the overtime provisions of the Missouri Minimum Wage Law are interpreted in accordance with the FLSA and any regulations promulgated thereunder. *See* Mo. Rev. Stat. § 290.505.4.

66. As non-exempt Drivers, Plaintiff and other class members were entitled to receive overtime compensation at a rate not less than one and one-half times their regular rate of pay for all hours they worked in excess of 40 each workweek. *See* Mo. Rev. Stat. § 290.505.1.

67. Defendant failed to pay Plaintiff and the class members overtime compensation for all hours they worked in excess of 40 each workweek by applying 30-minute meal break deductions to their time records on days when no such breaks were taken by these employees.

68. Plaintiff and the other Driver class members are entitled to damages equal to the amount of unpaid overtime compensation for all hours they worked in excess of 40 hours each workweek within the three years preceding the filing of this Complaint.

69. Plaintiff and the other class members are also entitled to recover an award of liquidated damages in an amount equal to two times the amount of unpaid wages described above, pursuant to Mo. Rev. Stat. § 290.527.

70. Pursuant to Mo. Rev. Stat. § 290.527, Plaintiff and the other class members are entitled to recover reasonable attorneys' fees and costs from Defendant.

WHEREFORE, Plaintiff, on behalf of himself and all proposed class members, prays for: (a) An award of damages for unpaid overtime compensation due for Plaintiff and the other class members; (b) An award of liquidated damages in the amount of two times the unpaid overtime compensation; (c) An award of pre-judgment and post-judgment interest, as provided by law; (d) An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees, and (e) Any and all such other and further relief as the Court deems necessary, just and proper.

## COUNT III – UNJUST ENRICHMENT

71. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

72. Plaintiff and the Driver class members conferred a benefit on Defendant by completing work on Defendant's behalf, and Defendant appreciated the benefits of said work performed by Plaintiff and the Driver class members.

73. Defendant accepted and retained the benefit of Plaintiff and the class members' work performed on Defendant's behalf under circumstances that were inequitable or unjust by applying 30-minute meal break deductions to their time records on days when no such breaks were taken by these employees, resulting in Defendant failing to pay straight-time wages to Plaintiff and the class members for all work they performed.

74. Defendant was aware or should have been aware that they were receiving the benefit of this unpaid work at the time the work was being performed and accepted and retained that benefit without paying fair compensation for the same.

75. It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiff and the class members.

WHEREFORE, Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows: (a) Certify the state law claim set forth in Count III as a class action pursuant to Fed. R. Civ. P. 23; (b) Order Defendant to disgorge the value of their ill-gained benefits to Plaintiff and the putative class; (c) An award of pre-judgment and post-judgment interest as provided by law; and (d) and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designate the United States District Court for the Western District of Missouri, in Kansas City, Missouri, as the place of trial.

Respectfully Submitted,

**CORNERSTONE LAW FIRM**

By: */s/ Drew M. Russell*
M. Katherine Paulus   MO 60217
m.paulus@cornerstonefirm.com
Drew M. Russell       MO 75746
d.russell@cornerstonefirm.com
5821 NW 72nd Street
Kansas City, Missouri 64151
Telephone            (816) 581-4040
Facsimile            (816) 741-8889
**ATTORNEYS FOR PLAINTIFF**